IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| LUIS RANGEL FRIAS | ) CASE NO. 4:10CV1707 |
| Petitioner, | ) |
| | ) JUDGE DONALD C. NUGENT |
| v. | ) |
| JOHN T. SHARTLE | ) <u>MEMORANDUM OF OPINION</u> |
| | ) <u>AND ORDER</u> |
| Respondent. | ) |

Petitioner *pro se* Luis Rangel Frias, incarcerated at the Federal Correctional Institution, Elkton, Ohio, filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner was convicted of a drug conspiracy in violation of 21 U.S.C. § 846 and commission of a drug offense while in possession of a firearm in violation of 18 U.S.C. § 924(c) in the United States District Court for the Eastern District of Texas. Also before the Court is Petitioner's Motion to Proceed *In Forma Pauperis*. (ECF 2).

Petitioner presents the following three claims in his present Petition:

1. The Warden is executing a void judgment in violation of the Constitution because the judgment was rendered without a showing of its subject matter jurisdiction or venue or the statutory standing of the Plaintiff as required by law.
2. The Warden is executing a void judgment in violation of the Constitution because said judgment was rendered in violation of the grand jury clause of the Fifth Amendment because it is not a true grand jury indictment
3. The Warden is executing a void judgment in violation of the Sixth Amendment counsel provision for numerous reasons.

He requests an immediate release from custody, or an evidentiary hearing or a new trial. He contends that he is challenging the Warden's execution of his sentence and not the imposition of the judgment.

Courts have uniformly held that claims asserted by federal prisoners seeking to challenge their convictions or imposition of their sentence shall be filed in the sentencing court under 28 U.S.C. § 2255, *see Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996), and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). The remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255. *See Bradshaw*, 86 F.3d at 166.

Section 2255 provides a safety valve wherein a federal prisoner may bring a § 2241 claim challenging his conviction or imposition of sentence, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *Accord United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). The § 2255 remedy is not considered inadequate or ineffective, however, simply because § 2255 relief has already been denied, *see In re Dorsainvil*, 119 F.3d 245, 251 (3d Cir. 1997) or because the petitioner is procedurally barred from pursuing relief under § 2255, *see In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997), or because the petitioner has been denied permission to file a second or successive motion to vacate. *See In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998).

Petitioner is challenging his conviction and the fact that a sentence was imposed upon him in the Eastern District of Texas, not the execution of or manner in which he is serving his sentence, which usually entails the computation of sentence credits or parole eligibility. *See Armstrong v. Stine*, 2009 WL 129783 * 1 (E.D. Ky., Jan 20, 2009) (citing *Jalili*, 925 F.2d at 893-94). He is arguing that, because the district court lacked jurisdiction over his case, the grand jury indictment was not true and his counsel was ineffective, he should not have been convicted. None of his grounds

for relief pertain to the execution of his sentence. As noted above, except in limited circumstances not at issue here, a federal prisoner must challenge the legality of his conviction or sentence by filing a post-conviction motion under 28 U.S.C. § 2255 with the trial court. *Moon v. Dewalt,* 2008 WL 2246360 * 2 (E.D. Ky., May 28, 2008)(citing *Capaldi,* 135 F.3d at 1123). Petitioner did not state that he filed a § 2255 Motion. There is no indication that a § 2255 motion would have been inadequate or ineffective, had it been asserted, to test the legality of his detention. In such circumstances he may not use his § 2241 Petition as a substitute for a proper motion under § 2255.

Accordingly, Petitioner's Motion to Proceed *In Forma Pauperis* is granted. This action is dismissed. *See* 28 U.S.C. § 2243.[1] The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date: September 16, 2010

JUDGE DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 2243 requires the court to summarily hear and determine the facts and dispose of the matter as law and justice require.